# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HITCHMAN FIDUCIARIES, LLC, a California limited liability company; BRUCE HITCHMAN, an individual; and LEE ANN HITCHMAN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DOMINION INSURANCE SERVICES, INC., a Utah corporation; CERTAIN UNDERWRITERS AT LLOYD'S LONDON; and LAWRENCE D. HILTON, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:22-cv-580-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On July 21, 2022, Plaintiffs initiated this action in the Fourth District Court of Utah. *See* Dkt. No. 2-1. Defendant Certain Underwriters at Lloyd's London were served on August 4, 2022. *See* Dkt. No. 2-1 at 364. The Underwriters filed a notice of removal on September 7, 2022, purporting to invoke this court's diversity jurisdiction. *See* Dkt. No. 2.

Plaintiffs moved to remand on September 20, 2022. Plaintiffs argue that the Underwriters' notice of removal was defective because the Underwriters failed to meet their burden of establishing that the court has subject matter jurisdiction, failed to show that all defendants consented to removal, and failed to file the notice of removal on time. *See* Dkt. No. 14 at 3–8. Plaintiffs also request an order requiring the Underwriters to pay the attorneys' fees Plaintiffs incurred in preparing the remand motion. *See id.* at 8–10. The parties have stipulated to this action being remanded to state court. *See* Dkt. No. 17 at 3. It thus appears that the Underwriters oppose Plaintiffs' motion only insofar as Plaintiffs seek attorneys' fees. *See id.*

The court concludes that this case must be remanded to state court because the Underwriters' notice of removal is both substantively and procedurally defective. First, the notice of removal fails adequately to allege that the court has subject matter jurisdiction over this action. A defendant may remove a "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, a district court has original jurisdiction over cases in which each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. Here, the court cannot determine whether diversity jurisdiction exists because the notice of removal does not properly allege the citizenship of all parties to the case.

For example, the notice of removal alleges that "Hitchman Fiduciaries, LLC is domiciled in the State of California, with its principal place of its business in California." Dkt. No. 2 ¶ 4. But these allegations are irrelevant to this plaintiff's citizenship. Unlike a corporation, an LLC "takes the citizenship of all its members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). While the complaint states that the Hitchmans are members of the LLC, *see* Dkt. No. 2-1 at 7 ¶ 4, neither the complaint nor the notice of removal alleges that the Hitchmans are the LLC's *only* members. The court thus cannot determine the citizenship of the LLC.

For the same reason, the court cannot determine the citizenship of the Defendant Underwriters. As an unincorporated entity, "the citizenship of all the underwriters constituting the [Lloyd's London] syndicate is determinative for purposes of diversity jurisdiction." *Certain Underwriters at Lloyd's v. New Prime, Inc.*, 2020 WL 4805458, at *1 (W.D. Okla. Aug. 18, 2020) (collecting cases). But neither the notice of removal nor the complaint identifies the citizenship of any of the individual Underwriters.

Second, the notice of removal was defective because Defendants Mr. Hilton and Dominion Insurance Services, Inc., were properly joined and served before the Underwriters filed the notice of removal, *see* Dkt. No. 2-1 at 364, but neither of these defendants joined the notice or consented to removal as required under 28 U.S.C. § 1446(b)(2)(A).

Third, the notice of removal was likely untimely. A defendant wishing to file a notice of removal must do so within 30 days of service. *See* 28 U.S.C. § 1446(b)(1). The Underwriters were served with a summons and the complaint on August 4, 2022. *See* Dkt No. 2-1 at 364. The "last day" for the Underwriters to file the notice of removal was thus September 6, 2022. Fed. R. Civ. P. 6(a)(1). For email filings, the "last day ends . . . when the clerk's office is scheduled to close." Fed. R. Civ. P. 6(a)(4)(b). On September 6, 2022, the clerk's office was scheduled to close at 4:00 p.m. local time, and the Underwriters did not email the notice of removal to the clerk's office until after 4:00 p.m. *See* Dkt. No. 13 at 2–3; Dkt. No. 13-2 at 2.

Finally, removal is improper under the forum defendant rule, which provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, the complaint alleges that Defendant Dominion is incorporated and has its principal place of business in Utah. *See* Dkt. No. 2-1 at 7 ¶ 5. It follows that Dominion is a citizen of Utah. *See* 28 U.S.C. § 1332(c). Because Plaintiffs brought this action in Utah state court, and because Dominion is a Utah citizen, the forum defendant rule barred the Underwriters from removing this action based solely on the court's diversity jurisdiction.

The court also concludes that Plaintiffs are entitled to an award of attorneys' fees under 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under

§ 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Here, the court concludes that the Underwriters' decision to remove was objectively unreasonable given the plain language of 28 U.S.C. § 1441(b)(2), which clearly and unequivocally bars removal based solely on the court's diversity jurisdiction if any defendant is a citizen of the forum state. *See Wey Invs., LLC v. Lindstrom*, 2022 WL 1554994, at *2 (D. Utah May 17, 2022). While it is possible that some of the other defects in the notice of removal could be cured or excused, there is simply no way around the forum defendant rule given the jurisdictional allegations in this case. The court will therefore award Plaintiffs reasonable attorneys' fees incurred in preparing and filing the motion to remand.

\*   \*   \*

For the foregoing reasons, Plaintiffs' motion is **GRANTED**. This action is **REMANDED** to the Fourth Judicial District, Utah County, State of Utah. Plaintiffs shall submit a declaration detailing the attorneys' fees they incurred in preparing and filing their motion to remand within 21 days of this order.

**IT IS SO ORDERED.**

DATED this 12th day of May, 2023.
BY THE COURT:

_____

Howard C. Nielson, Jr.
United States District Judge